UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-1809-G |
| DALLAS COUNTY COMMUNITY | ) | |
| COLLEGE DISTRICT, EL CENTRO | ) | **ECF** |
| COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Dallas County Community College District, El Centro College ("the District" or "the defendant"), to dismiss the first amended complaint of the *pro se* plaintiff, Sonya L. Chapman ("Chapman" or "the plaintiff"), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement of her claim. Also, before the court are motions by Chapman to amend her complaint by joining additional persons as defendants and to extend the time to file a reply to the defendant's response on her motion to amend. For the reasons stated below, the

District's motion to dismiss is denied, the District's motion for a more definite is statement is granted, the plaintiff's motion to join is denied, and the plaintiff's motion to extend time is denied.

## I. BACKGROUND

Chapman filed her original complaint on September 9, 2005, *see* Original Complaint at 1, and filed her first amended complaint on October 7, 2005, *see* Plaintiff's Amended Complaint ("Complaint") at 1. Interpreting these pleadings as best it can, the court understands that Chapman is attempting to allege a private cause of action against the District for abridging her free speech rights under the First Amendment. *Id.* However, despite various filings and numerous attachments thereto, Chapman has at no point set forth specific factual allegations regarding this asserted violation of her free speech rights. In her amended complaint, Chapman asks the court to grant her damages totaling $12,000. Complaint at 1. The complaint is ambiguous regarding the injury she has allegedly suffered that requires compensation. It is similarly unclear whether Chapman requests any form of equitable relief.

## II. ANALYSIS

Before proceeding with analysis of the defendant's motion, the court first must attempt to understand what the plaintiff's complaint alleges as her cause of action. The claims of *pro se* litigants are to be construed liberally. See *Kaltenbach v. Richards*,

464 F.3d 524, 527 (5th Cir. 2006). In her amended complaint, Chapman clearly requests monetary compensation for "damages" and "injuries." While there is no specification as to what these damages or injuries are, there is at least some indication as to the basis of her claim. It appears that Chapman is attempting to assert a claim against the District under 42 U.S.C. § 1983 for a deprivation of her right to free speech as guaranteed under the First Amendment.[1] *See* Complaint at 1. Though the defendant's motion to dismiss and brief in support thereof discusses extensively possible liability under state tort law, the court is unable to find references to any such law within the complaint. Thus, the court will analyze the motion to dismiss under the only claim supported by the complaint -- a § 1983 claim alleging violation of the First Amendment as incorporated by the Fourteenth Amendment.

A. Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also

[1] In her motion to amend by joining additional persons, Chapman also asserts violations of the Eighth and Fourteenth Amendments. However, neither of these alleged causes of action can be gleaned from the plaintiff's complaint as presently constituted.

*Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

Importantly, claims of sovereign immunity are challenges to the court's subject matter jurisdiction to hear the case. See *Capozzoli v. Tracey*, 663 F.2d 654, 656-57 and n.2 (5th Cir. 1981). Such challenges are properly brought before the court under a Rule 12(b)(1) motion to dismiss. See *MCI Telecommunications Corporation v. New York Telephone Company*, 134 F. Supp. 2d. 490, 495 n.2 (N.D.N.Y. 2001).

The Eleventh Amendment prohibits a citizen from bringing suit against a state for monetary damages unless the state explicitly waived its sovereign immunity.

*Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir.1996); *Clay v. Texas Women's University*, 728 F.2d 714, 715 (5th Cir.1984). The Supreme Court has long recognized that "the principle of sovereign immunity is a constitutional limitation on the federal power established in Art. III." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984). A state may be sued in federal court only if (1) the state has waived its immunity or (2) Congress, in implementing particular legislation, has clearly abrogated the state's immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989); *Quern v. Jordan*, 440 U.S. 332, 343-44 (1979). As a threshold matter, the court must first determine whether the District is considered to be the state for the purposes of the Eleventh Amendment. Because the court finds that Texas community college districts are not protected by the Eleventh Amendment, claims in federal court against the District based on federal law are permissible. See *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278-79, *reh. denied*, 522 F.2d 204 (5th Cir. 1975); *Goss v. San Jacinto Junior College*, 588 F.2d 96, 98-99 (5th Cir. 1979) ("San Jacinto Junior College is an independent 'political subdivision' as a matter of Texas statutory and common law. *Hander* leaves no doubt that [the junior college] has no Eleventh Amendment immunity."). While the District may have sovereign immunity from state law tort claims, *Jones v. Houston Independent School District*, 979

F.2d 1004, 1007 (5th Cir. 1992), Texas community colleges are subject to suit in the federal courts.[2]

However, to find that the District is not protected by the Eleventh Amendment does not end the inquiry as to whether this § 1983 claim can be prosecuted against the District. A local governmental unit, despite falling outside the protections of the Eleventh Amendment, cannot be held liable for constitutional deprivations based on a *respondeat superior* theory. See *Lopez v. Houston Independent School District*, 817 F.2d 351, 353 (5th Cir. 1987). To impose § 1983 liability on a local governmental unit, the violation of the constitutionally protected right must be inflicted pursuant to an "official policy." *Id.* For the actions of a local governmental unit's employee to be deemed "official policy," the acts must either be promulgated

---

[2] In its motion to dismiss, the defendant argues that Texas community colleges should be granted the same level of sovereign immunity as Texas independent school districts. *See* Defendant Dallas County Community College District's Motion to Dismiss and Alternative Motion for More Definite Statement and Brief in Support ("Motion to Dismiss") at 3. The court agrees with the District on this proposition. The Texas Education Code reads, "[t]he governing board of a junior college district shall be governed . . . by the general law governing . . . independent school districts." TEX. EDUC. CODE § 130.084. However, despite the defendant's assertion to the contrary, Texas independent school districts are *not* protected by the Eleventh Amendment. See *Coggin v. Longview Independent School District*, 337 F.3d 459, 462 (5th Cir.) (noting that claims against the Texas Education Agency and the state commissioner of education were barred by the Eleventh Amendment, but the independent school district was amenable to suit for both injunctive and monetary relief), *cert. denied*, 540 U.S. 1018 (2003); see also *San Antonio Independent School District v. McKinney*, 936 S.W.2d 279, 284 (Tex. 1996) (holding that independent school districts are amenable to suit in federal district court because they are not the state for purposes of the Eleventh Amendment).

by the local governmental unit's lawmaking officers or be a "persistent widespread practice" of the local governmental unit's employees. *Id.* at 353-54.

Based on the state statutory law discussed *supra*, Texas state community college districts are entities of an equivalent character to independent school boards. Accordingly, because an independent school district qualifies as a local governmental unit, see *Lopez*, 817 F.2d at 353, so too does the District. Therefore, to maintain this § 1983 cause of action, Chapman must demonstrate that the alleged denial of her First Amendment right to free speech was the "official policy" of the District, either through promulgated policy or through persistent widespread practice.

In light of the latitude granted to *pro se* litigants and the applicable rule disfavoring dismissal when an amendment can cure the deficiency, the court grants Chapman the opportunity to amend her complaint, in accordance with the instructions below.

B. Standard of Rule 20 Motion to Join Additional Defendants

A plaintiff may join in any civil action all persons against whom she has a claim if there is any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if there is any question of law or fact in common as to all defendants. FED. R. CIV. P. 20(a). However, when the plaintiff fails to join all such parties in her first complaint (or in her complaint as amended by right), leave of the court must be granted to join such additional persons. FED. R. CIV. P. 15(a); see

also *Wheat v. Mass*, 994 F.2d 273, 277 (5th Cir. 1993) (affirming the district court's decision denying leave to join additional defendants).

A thorough analysis of the intricacies of Rule 20(a) is not required in this case. Here, the plaintiff has failed to name any individuals to be joined to the instant cause of action. In her motion to join additional persons, Chapman avers that she would "like to add the first name of the defendants followed by et al. to the caption of the suit." Memorandum in Support of Plaintiffs Motion to Amend Complaint/List Defendants by Name at 2. However, at no point does Chapman list those persons whom she wishes to join to the suit; she merely refers, in a general way, to names appearing in her complaint or in letters submitted as attachments to prior filings. Her request is insufficient to warrant the joinder of additional defendants.

C. Standard of Rule 12(e) Motion for a More Definite Statement

When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). As indicated in this opinion, the plaintiff's complaint against the District is vague and presently insufficient to inform the District as to the basis of Chapman's claims. However, in light of Chapman's filings to date, the court believes that it would futile to grant Chapman *carte blanche* discretion to amend her complaint. Therefore, the court orders Chapman

to complete the attached judicial questionnaire and to file it with the clerk of this court (with service on counsel for the District) no later than December 29, 2006.

The plaintiff is put on notice by this opinion and order that no extensions will be granted. In completing the questionnaire, the plaintiff shall follow the directions therein. Finally, the plaintiff is advised that there is only one named defendant in this case -- the Dallas County Community College District. Chapman indicated in her response to the defendant's motion to dismiss and in her motion to join that she intends to seek relief from one or more natural persons involved in this alleged incident. However, no such persons are presently a party to this action. The questionnaire contains a section which allows the plaintiff to list, by name, the additional persons she wants to join. Once submitted, the court will treat the questionnaire as the plaintiff's second amended complaint and as a motion to join additional persons, if any are included therein.

## III. CONCLUSION

For the above stated reasons, the defendant's motion to dismiss is **DENIED**, and the defendant's motion for a more definite statement is **GRANTED**. The plaintiff's motion to amend her complaint and/or join additional parties is **DENIED**, and the plaintiff's motion for extension of time is **DENIED**. The plaintiff is **ORDERED** to complete the Judicial Questionnaire attached to this memorandum

opinion and order and to file it with the clerk of this court (with service on counsel for the District) no later than **December 29, 2006**. No extension will be granted.

The plaintiff is further **ORDERED** to comply with the instructions included in the judicial questionnaire. Failure to comply with any part of this order or any instructions included in the questionnaire may result in the dismissal of Chapman's case without further notice.

November 29, 2006.

A. JOE FISH
CHIEF JUDGE

# JUDICIAL QUESTIONNAIRE

**DIRECTIONS:** The plaintiff shall answer the following questions in the space provided for her answer. The answers to these questions shall be verified under penalty of perjury by the plaintiff on the signature line at the conclusion of these questions, and filed with the clerk of court (with service on counsel for the defendant Dallas County Community College District) no later than December 29, 2006. Failure to file answers to the questions and/or failure to comply with the instructions accompanying the questions may result in the dismissal of this case without further notice.

**QUESTION NO. 1**:

You name Dallas County Community College District (an entity) as the defendant in this action. Without citation of any cases, statutes, or constitutional provisions, state all facts which support your claim that this defendant has violated your constitutional rights.

**ANSWER**:

**QUESTION NO. 2**:

42 U.S.C. § 1983 reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To be held liable under 42 U.S.C. § 1983, the plaintiff must show that the defendant was operating "under color of state law." State all facts indicating that Dallas County Community College District was operating under "color of state law" at the time you allege it violated your rights.

**ANSWER**:

**QUESTION NO. 3:**

Because the Dallas County Community College District is a governmental unit, to proceed on a claim against it under 42 U.S.C. § 1983 for violating any of your federal rights, you must allege facts indicating that the violation of your rights was part of an "official policy." To demonstrate that the actions of a District employee were done pursuant to "official policy," you must assert facts showing that either (1) the actions were performed in accordance with a policy expressly adopted by the District's decision makers or (2) the actions were part of a persistent widespread practice by employees for the District. State, as specifically as possible, all factual allegations you have to demonstrate that actions of any employees involved in the incident(s) of which you complain were acting in accordance with an "official policy" of the District.

**ANSWER:**

**QUESTION NO. 4:**

In your motion to list additional defendants you indicate that you want to include defendants other than Dallas County Community College District (an entity) in your complaint. It appears that you desire to name certain employees, officers, and/or staff members of Dallas County Community College District as defendants in this case. For you to prevail against such a defendant on a claim under 42 U.S.C. § 1983, you must show that that defendant was operating "under color of state law." (For each person you wish to join as a defendant, make one (1) copy of this page and use one (1) additional blank page.) For each person you seek to join:

a) state the first and last name of such person;

b) state the mailing address of such person;

c) state all facts indicating that such proposed defendant was operating under "color of state law"; and

d) describe the facts surrounding the person's conduct which you believe violated your constitutional rights.

**ANSWER:**

**[THIS PAGE INTENTIONALLY LEFT BLANK].**

**QUESTION NO. 5**:

State, as specifically as possible, each claim you are asserting in this suit. Make one (1) copy of this page for each claim. For each claim,

a) identify the statute or case law basis under which you are suing;

b) **briefly** provide the underlying facts;

c) state **specifically** how you were harmed;

d) identify the defendant(s) responsible;

e) state the date the defendant(s) acted; and

f) state the date you became aware of the actions of the defendant(s).

**ANSWER**:

**QUESTION NO. 6:**

State, as specifically as possible, the relief you are seeking in this suit.

**ANSWER:**

**STATE OF TEXAS**

**COUNTY OF ________________**

**VERIFICATION**

I understand that a false statement or answer to any interrogatories in this cause of action will subject me to penalties for perjury. I declare (or certify, verify or state) under penalty of perjury that the foregoing answers are true and correct (28 U.S.C. § 1746).

SIGNED on this _______ day of _________________________, 2006.

_______________________________________
(Signature of Plaintiff)