UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-1809-G |
| DALLAS COUNTY COMMUNITY | ) | |
| COLLEGE DISTRICT, EL CENTRO | ) | **ECF** |
| COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Dallas County Community College District, El Centro College ("the District" or "the defendant"), to dismiss the second amended complaint of the *pro se* plaintiff, Sonya L. Chapman ("Chapman" or "the plaintiff"), for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  For the reasons stated herein, the motion is granted.

## I.  BACKGROUND

This case stems from Chapman's claim that the District violated her rights as guaranteed by the First and Fourteenth Amendments to the United States

Constitution.  The instant motion to dismiss arises after a lengthy procedural history.

Chapman filed her original complaint on September 9, 2005, and her first amended

complaint on October 7, 2005.[1]  The first amended complaint appears to be the first

complaint served on the defendant.  The District filed a motion to dismiss the first

amended complaint or, in the alternative, for a more definite statement on July 12,

2006.

     This court, in its memorandum opinion and order dated November 29, 2006,

denied the defendant's motion to dismiss and granted the motion for a more definite

statement.  In that memorandum opinion and order, the court noted its difficulties in

understanding the various pleadings and other documents submitted by Chapman.

Accordingly, the court ordered her to complete a questionnaire attached to that order

which would then serve as her second amended complaint.  Chapman submitted her

written answers to the questionnaire on January 29, 2006.  The instant motion to

dismiss followed.

     As best the court can determine, Chapman claims that her constitutional rights

were violated in three specific instances.  First, she avers that her right to free speech,

as guaranteed by the First Amendment, was violated by an instructor for the District

when the instructor refused to silence classmates of Chapman who expressed

---

[1]     The first amended complaint filed on October 7, 2005, was deficient
because it was unsigned.  Chapman eventually corrected the deficiency by refiling the
first amended complaint on June 5, 2006.

frustrations with her behavior.  Second, she asserts that her right to free speech, as guaranteed by the First Amendment, was violated by a second instructor for the District when she refused to silence classmates of Chapman under circumstances similar to the first incident.  Third, she maintains that her right to procedural due process, as guaranteed by the Fourteenth Amendment, was violated by the District. Specifically, Chapman claims that Dean Felicitas Alfaro ("Alfaro") did not afford Chapman procedural due process before suspending her from the college because Chapman was not given notice and a hearing regarding the allegations against her.

Chapman's claims seek redress under 42 U.S.C. § 1983 for violations of her First and Fourteenth Amendment rights and under the TEX. CIV. PRAC. & REM. CODE §§ 101.021 and 101.025.

## II. ANALYSIS

### A.  Standard for Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement

that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

Importantly, claims of sovereign immunity are challenges to the court's subject matter jurisdiction to hear the case.  See *Capozzoli v. Tracey*, 663 F.2d 654, 656-57 and n.2 (5th Cir. 1981).  Such challenges are properly brought before the court under a Rule 12(b)(1) motion to dismiss.  See *MCI Telecommunications Corporation v. New York Telephone Company*, 134 F. Supp. 2d 490, 495 n.2 (N.D.N.Y. 2001).

The District argues that the plaintiff's state law claims under Tex. Civ. Prac. & Rem. Code §§ 101.021 and 101.025 are barred by state sovereign immunity.[2]  The

---

[2]     The sovereign immunity argument raised by the District is not

(continued...)

Texas state legislature has waived sovereign immunity for the state and the entities thereof only to the extent that liability is created under Chapter 101 of the TEX. CIV. PRAC. & REM. CODE.  *See* TEX. CIV. PRAC. & REM. CODE § 101.025(a).  However, that waiver of sovereign immunity is limited by § 101.051, which reads, "Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district."  Accordingly, the waiver of sovereign immunity, and hence the extension of liability, applies to community colleges only in cases where the plaintiff's injury arose from the "wrongful act or omission or the negligence of an employee acting within the scope of his employment" *and* where the act, omission, or negligence occurred during the operation of a motor vehicle.  *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.051; see also *Hopkins v. Spring Independent School District*, 736 S.W.2d 617, 619 (Tex. 1987) (stating the Texas Tort Claims Act "grants immunity to school districts and their employees from liability for damages caused by negligence except in circumstances relating to the use, maintenance or operation of motor vehicles."). Accordingly, the court grants the District's motion to dismiss Chapman's state law claims for lack of subject matter jurisdiction.

---

[2](...continued)
predicated on sovereign immunity as guaranteed by the 11th Amendment of the United States Constitution.

B.  <u>Motion to Dismiss for Failure to State a Claim</u>

The District argues that the § 1983 claims against it must be dismissed because it cannot be held liable for the actions of an employee through vicarious liability and Chapman has failed to allege any other theory under which the District could be held liable.

1.  *Standard for Dismissal Under Rule 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*,

19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

2.  *Claims under 42 U.S.C. § 1983 against the District*

As stated in this court's prior memorandum opinion and order, the District is considered a local governmental unit and thus cannot be held liable for a deprivation of constitutional rights under § 1983 based on a *respondeat superior* theory of liability. *See* Memorandum Opinion and Order, Nov. 29, 2006, ("Memorandum Opinion and Order") at 6 (citing *Lopez v. Houston Independent School District*, 817 F.2d 351, 353 (5th Cir. 1987)).  A local governmental unit may be sued under § 1983 for both monetary and injunctive relief stemming from an employee's action depriving another of her constitutional rights so long as the actions of the employee are in accordance with "official policy" of the local governmental unit.  See *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive

relief where, as here, the action that is alleged to be unconstitutional implements or

executes a policy statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers."); *Lopez*, 817 F.2d at 353-54; *Bradford v.*

*Edelstein*, 467 F. Supp. 1361, 1375 (S.D. Tex. 1979).  For the actions of a local

governmental unit's employee to be deemed "official policy," the acts must either be

promulgated by the local governmental unit's lawmaking officers or be a "persistent

widespread practice" of the local governmental unit's employees.  *Lopez*, 817 F.2d at

353-54.

The court will assume, without deciding, that the factual circumstances

underlying Chapman's § 1983 claims are sufficient to constitute violations of the

Constitution, but Chapman must still provide at least an allegation that the action of

the District's employees were in accordance with "official policy" of the District.

When asked in the questionnaire to "assert facts" showing that the professors' actions

were part of an official policy by the district, Chapman responded, "All defendants

named in this suit acted in accordance with an official policy.  Plaintiff <u>submits</u>

<u>attachment</u> that is, statements written and a typed document where defendants attest

to using official policy and list official policy as part or in whole as a basis for their

decisions."  Judicial Questionnaire ("Second Amended Complaint") at 11 (emphasis

in original).  Chapman's legal conclusion that the actions of the District's employees

were in accordance with official policy is insufficient for her to survive the motion to

dismiss.  See *United States ex rel. Willard*, 336 F.3d at 379.  Instead, she must plead

facts showing the District's official policy.

When construing her allegations liberally, as the court must do because of

Chapman's status as a *pro se* litigant, *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th

Cir. 2006), the court reads this to mean that the plaintiff's attached documents will

articulate her factual basis for the assertion that the employee's actions were part of a

written policy by the defendant.  After thoroughly reviewing the attachments,

however, there is no such information included.  True, some of the documents

contain excerpts of the District's official policies, but none of the documents indicate

that the actions Chapman complains of -- violations of her right to free speech or

procedural due process -- were official policies of the District.  Thus, on this issue,

there are no well-pleaded facts for the court to accept as true.  Chapman has failed to

alleged that the actions of the District's employees were either (1) performed in

accordance with a policy expressly adopted by the District's decision makers or

(2) the actions were part of a persistent widespread practice by employees for the

District.  Accordingly, the District's Rule 12(b)(6) motion to dismiss is granted as to

the plaintiff's § 1983 claims against it.

## C.  Additional defendants

In question number 4 of the judicial questionnaire, Chapman was ordered to

state the name and address of each person she sought to join in the suit.  In response,

the plaintiff named only one person -- Alfaro, the executive dean of student and enrollment services. *See* Second Amended Complaint at 19. The court notes, however, that at other times in the answers to the questionnaire Chapman refers to other individuals as defendants. *See* Second Amended Complaint at 23-24 (referring to "defendant John Wells" and "defendants Betty Zoeller and Bob Chambers"). None of these other persons is named as a defendant in this case, and at present there is no motion before the court to join such parties. Thus, Alfaro is the only person named in the questionnaire whom the court will discuss but the analysis need not be lengthy.

In the instructions attached to the judicial questionnaire, the court ordered Chapman to "comply with the instructions accompanying the questions" and warned that failure to comply "may result in the dismissal of this case without further notice." Memorandum Opinion and Order at 11. With regard to her efforts to name Alfaro as a defendant, Chapman failed to comply with the order of this court requiring her to state the mailing address of any additional defendants.[3] See *id.* In addition, it appears that amendment of the complaint to add Alfaro as a defendant

---

[3]    Rather than comply with the requirements of the questionnaire, Chapman wrote, "Felicitas Alfaro, El Centro College Main and Lamar, Dallas, Texas 75202 . . .". Second Amended Complaint at 19. While the court must construe the complaint of *pro se* litigants liberally, it need not excuse Chapman's apparent unwillingness to comply with even the simplest of instructions from the court. The court has expended a large amount of resources on this case, in an effort to assure that Chapman has the opportunity to have her claims considered, but it will not spend more.

would be futile.  Alfaro's action in suspending Chapman occurred no later than January 21, 2005, *see* Second Amended Complaint at 14, and Chapman's claims against her would thus be barred by the two-year statute of limitations.  Accordingly, the court does not grant the plaintiff leave to join Alfaro, or any other person, as a defendant in this suit.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED**.

May 29, 2007.

_____
A. JOE FISH
CHIEF JUDGE